Montgomery, McCracken, Walker & Rhoads, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022

*Attorneys for Plaintiff*
A. HARTRODT (U.S.A.), INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  A. HARTRODT (U.S.A.), INC.

                                                                                    Civ. Action No.
                                    Plaintiff,

  -against-                                                                         COMPLAINT

    VEJO INC.,
                                    Defendant.
-----------------------------------------------------------X

Plaintiff, A. HARTRODT (U.S.A.), INC., by its attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, for its Complaint against Defendant VEJO INC., its subsidiaries and affiliates upon information and belief, alleges as follows:

## PARTIES

1. At all material times Plaintiff, A. HARTRODT (U.S.A.), INC., was and still is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New York, licensed to do business in the State of California and with an office and place of business at 5777 West Century Blv. Suite 1605 Los Angeles CA 90045.

2. A. HARTRODT (U.S.A.), INC. is engaged amongst other things in the business as a freight forwarder of goods by air and sea globally, including to and from the United States.

3. A. HARTRODT (U.S.A.), INC. also acts as agent, including as billing agent, in the United Sates for all companies falling within the umbrellas of non-party A. HARTRODT (GmbH & Co.)

KG a German corporation, including but not limited to non-parties A. HARTRODT, HONG KONG LIMITED and CARGO CONSOLIDATION CORP. (A. HARTRODT., A. HARTRODT, HONG KONG LIMITED and CARGO CONSOLIDATION CORP. are collectively referred herewith as "Hartrodt")

4. Upon Information and belief, at all material times, Defendant, Vejo is a company organized and existing under the laws of Delaware, with offices located at 2088 Central Ave Unit B, Irwin Dale, CA 91010, and is engaged in the manufacturing, import and export of blenders and blends.

## SUBJECT MATTER AND PERSONAL JURISDICTION

5. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

6. The Court has also jurisdiction pursuant to clause 22 of the applicable Hartrodt's Invoice Terms and Conditions (hereinafter "Terms and Conditions") which provides that the parties agree that any disputes arising hereunder shall be resolved in the United States District Court and the state Courts of New York.

## FACTUAL BACKGROUND & CLAIMS FOR RELIEF

7. Between on or about April 13, 2022 and May 22, 2022 Vejo engaged Hartrodt to ship multiple cargoes of blenders and other goods ("Cargo") from Hong Kong, China to New York USA.

8. Between on or about April 13, 2022 and May 22, 2022 Hartrodt transported Vejo's Cargo from Hong Kong to New York pursuant to certain contracts of carriage that were memorialized in

air waybill HKG0900944, air waybill HKG09009976, bill of lading 803-22-01648-803017 and bill of lading 803-22-02490-803037("Contracts of Carriage"). See Exhibit A.

9. By entering into the Contracts of Carriage Vejo agreed to pay for all the charges and related fees associated with the transportation and delivery of the Cargo.

10. Between on or about April 18, 2022 and June 26, 2022 Hartrodt delivered the Cargo to Vejo in New York as provided under the four Contracts of Carriage and therefore performed all of their obligations under the Contracts of Carriage.

11. Between on or about April 21, 2022 and June 6, 2022 Hartrodt issued invoices No. 00144621, 00144920, 00147612, 00147614 and 00147618 in the cumulative amount of $176,965.62 for charges and fees related to the shipment of the Cargo under the Contracts of Carriage ("Invoices"). See Exhibit B.

12. Payment of each invoice was due by Vejo to Hartrodt on the same date each invoice was issued from Hartrodt to Vejo. See Exhibit B.

13. Vejo received each invoice and did not object to any of the charges and fees billed by Hartrodt.

14. Vejo failed to pay each of the invoices and same are, as of today's date, outstanding.

15. Hartrodt's invoice Terms and Conditions are incorporated by reference on the face of each invoice. See Exhibit B.

16. Hartrodt's Terms and Condition constitute a "…legally binding contract between the "Company and the "Customer"…". See Exhibit C.

17. Clause 1 "Definition" of the Terms and Conditions provides in relevant parts that:

> *"Company" shall mean a. hartrodt (u.s.a) inc., its subsidiaries related companies, agents and/or representatives.*

> *"Customer" shall mean the person for which the Company is rendering service, as well as its principals, agents and/or representatives, including, but not limited to shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents insurers and underwriters, breakbulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives.*

See Exhibit C.

18. Vejo is listed as the Consignee on all the invoices issued by HARTRODT (see Exhibit B) and therefore falls within the definition of Customer of Clause 1 of the Terms and Conditions.

## **COUNT I – BREACH OF CONTRACT**

19. Hartrodt repeats and re-alleges all allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20. Vejo had an obligation under the Hartrodt Invoices and the Terms and Conditions there incorporated to pay for charges and related fees associated with the shipment of the Cargo on the respective due dates.

21. By failing to pay the invoices Vejo breached its contractual obligations to pay for the charges and related shipping services associated with the shipment of the Cargo.

22. Hartrodt have performed all of its obligations under its contract with Vejo.

23. As a result of Vejo's breach of contract Hartrodt has suffered damages in the amount of $176,965.62.

24. Therefore, Vejo is liable to Hartrodt for damages in the amount of no less than $176,965.62, plus interests and costs.

WHEREFORE, Plaintiff Hartrodt prays:

   a) That process in due form of law may issue against Defendant Vejo citing them to appear and answer all and singular the matters aforesaid;

b) That judgment be entered in favor of Plaintiff, Hartrodt, against Defendant, Vejo, in the amount of at least $ 176,965.62, and for any and all other proximately caused damages;

c) That Plaintiff Hartrodt be awarded interest, costs, disbursements, and reasonable attorney's fees in an amount to be determined at trial; and

d) Such other and further relief that this Court may deem just and proper under the circumstances.

Dated:     New York, New York
           June 24, 2022

                            Respectfully submitted,

                            Montgomery McCracken Walker & Rhoads LLP
                            *Attorneys for Plaintiff*

                       By:  /s/ Vincent M. DeOrchis
                            Vincent M. DeOrchis
                            vdeorchis@mmwr.com
                            437 Madison Avenue, 24th Floor
                            New York, NY  10022
                            Office: (212) 867-9500
                            Direct: (212) 551-7730